GALLINGER et al. v. JAMES & HAWKINS, Inc. (STANLEY WORKS, Intervener).

Circuit Court of Appeals, Second Circuit. August 18, 1927.

No. 296.

1. Patents ⚙=328—No. 1,045,127, for door holder, must be restricted to precise devices mentioned in claims, in view of the state of the art.

Denitz and Jacobs patent, No. 1,045,127, for a door holder designed to hold a swinging door yieldingly closed, entitles patentee only to the precise devices mentioned in his claims, since door checks operating on a similar general principle are old in the art.

**2. Patents** ⬥⟳328—No. 1,045,127, claims 1, 3, and 4, for door holder, held not infringed.

Denitz and Jacobs patent, No. 1,045,127, claims 1, 3, and 4, for a door holder designed to hold a swinging door yieldingly closed, *held* not infringed.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit for infringement of patent, brought by Anna M. Gallinger and others, copartners doing business under the name of the Superior Door Catch Company, against James & Hawkins, Inc. The Stanley Works by intervention became a party defendant. From an interlocutory decree, granting an injunction against infringement and the usual reference for accounting, defendants appeal. Reversed and remanded, with directions.

The patent in suit is No. 1,045,127, for a door holder, issued to Denitz and Jacobs on November 26, 1912, and by assignment acquired by the plaintiffs, the appellees in this court, who are doing business as partners under the name of Superior Door Catch Company. The bill charges the defendant James & Hawkins, Inc., a New York corporation, with selling infringing devices. These were manufactured by the Stanley Works, a Connecticut corporation, and it by intervention became a party defendant. The District Court found infringement of claims Nos. 1, 3, and 4, which read as follows:

"1. A door holder comprising a supporting base having an offset central bearing, a crescent-shaped arm adapted to fit against the sides of the central bearing, a pivot mounted in the crescent-shaped arm and in the central bearing, and spring mechanism for snapping the crescent-shaped arm back and forth."

"3. A door holder comprising a supporting base having an offset central bearing, a crescent-shaped arm consisting of parallel plates spaced apart so as to fit against the sides of the central bearing, a curved link pivotally connected to the base below the central bearing and adapted to swing around the central bearing, and a spring connecting the curved link to the crescent-shaped arm, so that the crescent-shaped arm will snap back and forth, one end of the crescent-shaped arm passing behind the bearing to the base."

"4. A door holder comprising a base having an offset central bearing, a crescent-shaped arm having two side plates spaced apart and fitting against the sides of the central bearing, buffers between the ends of the side plates, one buffer passing behind the bearing to the base, and spring mechanism for snapping the arm back and forth."

Charles Neave, of New York City (Robert S. Allyn, of New York City, of counsel), for appellants.

Dodson & Roe, of New York City, for appellees.

Before L. HAND and SWAN, Circuit Judges, and CAMPBELL, District Judge.

SWAN, Circuit Judge (after stating the facts as above). [1] This litigation is between rival manufacturers of door checks or catches designed to hold a swinging door yieldingly closed. The sole question is that of infringement, the validity of plaintiffs' patent being uncontested.

As indicated by the claims above quoted, the principle of operation of the patented device involves a pivoted crescent-shaped arm controlled by a spring, which, when the arm is in one position, exerts force to hold it closed against the door, and, when in another position, to snap it open. The bearing for the pivoted arm is central, that is, it is between the two side plates of the crescent-shaped arm; and it is offset, that is, the post, the end of which carries the bearing, is curved in gooseneck shape, so as to permit one end of the crescent-shaped arm to swing beneath the bearing and come up against the inner side of the post when the arm is closed.

Door checks operating on a similar general principle were old in the art. Five prior patents were introduced by the defendants, not to invalidate the patent in suit, but to limit the scope of its claims. The learned District Judge carefully and properly analyzed these prior patents, but reached the conclusion that they in no way affect the scope of the claims. With this conclusion we cannot agree. We think the case demands application of the principle stated in Boyd v. Janesville Hay-Tool Co., 158 U. S. 260, 261, 15 S. Ct. 837, 39 L. Ed. 973, where Mr. Justice Shiras said that, in view of the state of the art, the patentee was entitled only to the precise devices mentioned in his claims.

[2] An essential feature in each of the claims is an "offset central bearing." The patentees state in their patent (page 2, line 58):

"We desire to call especial attention to the form of the base *A* which makes it possible to have a central bearing *2* between the side plates *15* and *16* of the arm *B* and at the same time have a buffer *20* between the inner ends of said plates."

We do not find such construction in the defendant's device. Instead of a gooseneck

post centrally placed between the sides of the crescent-shaped arm, its base is a stationary outer box frame or casing, within which is pivoted a crescent-shaped arm, which swings inside the box frame, and to which is connected one end of a helical spring; the other end being anchored to the box frame. It is much like the door check described in the Robinson & Dean patent, No. 911,074. It differs from that, in that the crescent-shaped arm is made of one piece of metal, instead of two spaced plates riveted together, and in that the stationary end of the spring is of necessity anchored to the sides, instead of the back, of the box frame. The District Judge correctly said that the Robinson & Dean patent "contains no central bearing about which the crescent-shaped arms swing." No more, we think, does the defendants' device. Nor is its bearing "offset" in any sense different from Robinson & Dean's device, which was cited and discriminated in the application for plaintiffs' patent. Both the prior art and the file wrapper and contents of plaintiffs' patent so limit the term "offset central bearing" that it cannot be construed to cover a device like the defendants', in which, in order to support the crescent-shaped arm, it is necessary to construct a box around it.

In claim No. 3 an essential element is a curbed link pivotally connected to the base below the central bearing and adapted to swing around the central bearing. It also acts as a buffer to limit the backward swing of the arm, as explained in lines 30–40, page 2 of the patent. No such link is found in the defendants' door catch, nor is the curved arm to which one end of the spring is attached a mechanical equivalent, for they operate in different ways and perform different functions.

There being no infringement, the decree is reversed, with costs, and the cause remanded, with directions to dismiss the bill.